the proof), showed that the transfers were by way of mortgages. That both mortgages were given to secure the same sum ($1,080), borrowed by the debtor on the 29th day of October, 1870, from the mortgagee, in order to relieve the debtor's stock in business from a contested attachment, and thus enable the debtor to go on in his business of manufacturing shingles. That the loan was specifically to settle this attachment suit, and also to pay the only overdue paper of the debtor, known by the mortgagee to be outstanding, except only such secured paper as the mortgagee already had. *Held*, that as the mortgages were based upon a present consideration, and were neither given nor received with any intent to delay creditors, they did not constitute an act of bankruptcy. Petition dismissed at cost of petitioning creditor.

S. W. Alden filed petition April 28, 1871, against Sylvester Sanford, alleging as the act of bankruptcy, that on the 29th of October, 1870, the debtor made certain transfers of real and personal property, with intent to delay his creditors. The debtor answered, and the proof supporting the answer showed that the transfers were by way of mortgage; that both mortgages were given to secure the same sum of $1,080, borrowed by the debtor on the 29th of October, 1870, from the mortgagee, in order to relieve his stock in business from a contested attachment, and thus enable the debtor to go on in his business of manufacturing shingles; that the loan was specifically to settle this attachment suit, and also to pay the only overdue paper of the debtor known by the mortgagee to be outstanding, except only such secured paper as the mortgagee himself already had.

THE COURT (MILLER, District Judge) held that as the mortgages were based upon a present consideration, and were neither given nor received with any intent to delay creditors, they did not constitute an act of bankruptcy.

The petition was therefore dismissed at the cost of the petitioner.

---

## Case No. 12,311.

SANFORD v. BOYD.

[2 Cranch, C. C. 78.] [1]

Circuit Court, District of Columbia. June Term, 1813.

OFFICER—SAIL-MAKER—EXEMPTION FROM MILITIA DUTY.

A sail-maker at the Washington navy-yard, appointed by a warrant under the hand of the secretary of the navy and seal of the department, is an officer of the United States and exempt from militia duty.

[Cited in U. S. v. Hartwell, 6 Wall. (73 U. S.) 393; Platt v. Beach, Case No. 11,215; Frelinghuysen v. Baldwin, 12 Fed. 397.]

Replevin [by William Sanford against Washington Boyd] for goods taken by distress for militia fines.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Jones, for plaintiff. Sanford was appointed sail-maker for the navy-yard at Washington, by a warrant under the hand of the secretary of the navy and the seal of the department, and is therefore an officer of the government of the United States, and exempted from militia duties, by the second section of the act of congress of the 8th of May, 1792 (1 Stat. 271). Wise v. Withers, 3 Cranch [7 U. S.] 331.

Mr. Caldwell, contrà. The case of Wise v. Withers [supra] does not decide this. Wise was a judicial officer and expressly excepted. The act of the 27th of March, 1804 (2 Stat. 297), authorizes the president to attach, to the navy-yard, a sail-maker; but this does not authorize the secretary to make the appointment by a warrant under his hand and the seal of the department only. He is, therefore, not an officer, either judicial or executive, of the government of the United States.

Judgment for plaintiff.

---

SANFORD (BRISTOL v.). See Case No. 1,893.

---

## Case No. 12,312.

SANFORD v. LACKLAND et al.

[2 Dill. 6.] [1]

Circuit Court, D. Missouri. 1871.

BANKRUPTCY—WHAT PROPERTY VESTS IN ASSIGNEE —BENEFICIAL INTERESTS UNDER WILL.

1. All the property of the bankrupt, except such as is specially exempted, vests in the assignee in bankruptcy.

2. A testator cannot give a devisee the beneficial interest in the estate devised, and annex to it the inconsistent condition that it shall not be liable for his debts, but he may provide that the estate of the devisee, on his becoming a bankrupt, shall determine and go somewhere else.

[Cited in Sparhawk v. Cloon, 125 Mass. 266.]

3. A testator gave to trustees an estate for the benefit of his son, but with directions that the trustees should hold it and its accumulations until the son should reach the age of twenty-six years; he was adjudged a bankrupt at the age of twenty-four years: *Held*, that the assignee in bankruptcy, as against the bankrupt, was entitled to the property held by the trustees.

[Cited in Claflin v. Claflin, 149 Mass. 23, 20 N. E. 454.]

Appeal from the district court of the United States for the Eastern district of Missouri.

The plaintiff is the assignee in bankruptcy of Wm. C. Hill. The defendants are Wm. C. Hill, Lackland and Clark, the executors and trustees named in the will of James B. Hill, and Edwards, trustee in a deed of trust for the benefit of Mathews, executed by William C. Hill on the property in controversy.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]